## DIETRICH v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

STREET RAILROADS—OPERATION—RIGHT OF WAY.

A driver of a wagon, rightfully driving on car tracks in the street, owes the street railway company the duty to leave the track, on the approach of a car, as soon as he reasonably can; but where he is prevented from leaving the track, on one side, by deep snow and on the other side by the approach of a car from the opposite direction, the right of way of the car on the same track coming in his rear is not paramount.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 193.]

Appeal from Kings County Court.

Action by Frederick Dietrich against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

D. A. Marsh, for appellant.
Martin T. Manton, for respondent.

HOOKER, J. The plaintiff's wagon and horses were injured by being struck by one of the defendant's trolley cars, approaching from the rear. The jury were justified from the evidence in believing that the plaintiff's driver was in a kind of a pocket, because of deep snow in the street between the curb and the track on which he was driving and because of a car approaching from in front on the driver's left. The plaintiff asked the court to charge that if they "found that the driver used his best endeavor and exercised such care as may be charged to a reasonably prudent man in driving his truck, but because of obstacles on the side of the track and the opposite side of the track he was in such a box that he could not get out of the car track, then for that time the rule of paramount right of way was suspended." The court charged the proposition, the defendant excepted, and now urges that this was error for which the judgment should be reversed.

While as a general proposition the street car has a paramount right between the places where streets intersect, this right does not mean that the operator of a car may run down one who happens to be lawfully in the track. The plaintiff's driver had a perfect right to be in the defendant's track, but owed the defendant a duty upon the approach of a car to get out of that track as soon as he reasonably could. In this case the jury were justified in finding that the driver could not reasonably get off of the track to the right on account of the snow, and that it would have been imprudent to try to go to the left on account of the car approaching from the opposite direction. There being no criticism of the conduct of the driver in going upon the track in the first place, he was entitled to stay in the track until he could reasonably get out, and he had as much right to use that part of the street where the car tracks had been laid, until he could leave it, as

the car itself. The right of the car there, under the circumstances, was, therefore, not paramount, and the charge of the learned trial court presented no error.

We have examined the multitude of exceptions taken by the defendant to the question of the measure of damages, but find no error presented by the record, and conclude that the judgment must be affirmed, with costs. All concur.